MICHAEL E. WILBUR (State Bar No. 152361)
AFRICA E. DAVIDSON (State Bar No. 225680)
APEX EMPLOYMENT LAW, LLP
1970 Broadway, Suite 850
Oakland, California 94612
Telephone: (510) 588-1310

Email: mwilbur@apexemploymentlaw.com
Email: adavidson@apexemploymentlaw.com

Attorneys for Defendant
LOCKHEED MARTIN CORPORATION

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PETER TOLAN, an individual<br><br>        Plaintiff,<br>    vs.<br><br>LOCKHEED MARTIN CORPORATION, a Delaware Corporation form unknown, MATT TOWNSLEY, an individual, CHRIS HENRY, an individual; and DOES 1 through 100, inclusive,<br><br>        Defendants. | (Los Angeles Superior Court Case No. 24STCV11173)<br><br>**DEFENDANT LOCKHEED MARTIN CORPORATION'S NOTICE OF REMOVAL OF ACTION**<br><br><br>Action Filed:  May 3, 2024<br>Trial Date:  None set. |

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND CLERK OF COURT:

PLEASE TAKE NOTICE that Defendant LOCKHEED MARTIN CORPORATION hereby removes the above-captioned action, Case No. 24STCV11173, from the Superior Court of the State of California, County of Los Angeles to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332(a)(1), 1441 and 1446.

**A.    JURISDICTION AND VENUE**

1.    The U.S. District Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (a)(1).  This case may be removed pursuant to 28 U.S.C. § 1441(b) because it is a

1

NOTICE OF REMOVAL OF ACTION

APEX EMPLOYMENT LAW, LLP
1970 Broadway, Suite 850
Oakland, California 94612

civil action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, it is between citizens of different states; no true defendant being a citizen of the State of California.

2.     Venue in this Court's Western Division is proper because the action is being removed from Los Angeles County Superior Court. 28 U.S.C. § 1441(a).

### B.     GENERAL INFORMATION

3.     On May 3, 2024, Plaintiff PETER TOLAN filed a Complaint in the Los Angeles County Superior Court naming LOCKHEED MARTIN CORPORATION, MATT TOWNSLEY, CHRIS HENRY, and DOES 1 to 100, as Defendants (the "Complaint") in Case No. 24STCV11173. (See, Exhibit A.)

4.     Lockheed Martin Corporation was served with the Complaint, Summons, Civil Cover Sheet, and related papers by personal service on May 8, 2024.  (Collectively, Exhibit A.) Exhibit A constitutes all of the process, pleadings, and papers served on any party in the Superior Court action.

5.     Matthew Towsley, who is erroneously named in the Complaint as "Matt Townsley," has not been served with the Complaint and Summons.  (See, Declaration of Matthew Towsley ("Towsley Dec.") attached hereto as Exhibit B.)

6.     Kristopher Henry, who is erroneously named in the Complaint as "Chris Henry," has not been served with the Complaint and Summons.  (See, Declaration of Kristopher Henry ("Henry Dec.") attached hereto as Exhibit C.)

7.     This Notice of Removal is timely in that it is filed within thirty days of May 8, 2024. See *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999)  (thirty-day removal period runs for from the date served with the original complaint); see also *Medrano v. Genco Supply Chain Solutions* 2011 WL 92016, *15 (E.D. Cal. 2011); *SteppeChange LLC v. VEON Ltd.*, 354 F.Supp3d 1033, 1041 (N.D. Cal. 2018).

### C.     DIVERSITY OF CITIZENSHIP

8.     Plaintiff is and was at the time he filed his Complaint a citizen of the State of California.

9.     Lockheed Martin Corporation is a corporation organized under the laws of the State

NOTICE OF REMOVAL OF ACTION

of Maryland, with its principal place of business in Maryland.  As such, Lockheed Martin is not a California citizen.

10.     Matthew Towsley, who is erroneously named in the Complaint as "Matt Townsley," is now and was at the time of the filing of the Complaint, a citizen of the State of Texas who is now residing in Italy.  (Towsley Dec.)  As such, Towsley is not a California citizen.

11.     The citizenship of Kristopher Henry, who is erroneously named in the Complaint as "Chris Henry," should be disregarded because no cause of action is stated against Henry in the Complaint nor could a cause of action be established.  Henry is a sham defendant and his citizenship should be disregarded for the purposes of establishing the diversity of the parties.

12.     The defendants designated as DOES 1 to 100, inclusive, are fictitious defendants, are not parties to this action, have not been named or served, and are to be disregarded for the purpose of this removal. (28 U.S.C. § 1441 (a); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987).

13.     Because Lockheed Martin Corporation and Towsley are non-California citizens, and because Henry was fraudulently joined and a cause of action cannot be established against him, there is complete diversity of citizenship between the properly named parties.

### D.     FRAULDULENT JOINDER/SHAM DEFENDANT

14.     Henry's citizenship should be disregarded because Plaintiff cannot possibly prevail on either of the two claims asserted against Henry in the Complaint (defamation and intentional infliction of emotional distress).  See, e.g., *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (removal based on diversity of citizenship was proper and that district court "correctly ignored" joinder of a resident defendant after it was shown that plaintiff "could not possibly prevail" on her claim against the resident defendant); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) ("[F]raudulently joined defendants will not defeat removal on diversity grounds."), cert. denied, 525 U.S. 963 (1998); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) ("If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent."); *Lewis v. Time, Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979), aff'd, 710 F.2d 549 (9th

NOTICE OF REMOVAL OF ACTION

APEX EMPLOYMENT LAW, LLP
1970 Broadway, Suite 850
Oakland, California 94612

Cir. 1983) (a sham defendant is to be ignored for purposes of removal).

15. As to Henry, who was Plaintiff's subordinate, Plaintiff alleges only the following:

• Sometime in 2022 (before Plaintiff's employment at Lockheed Martin was terminated in October 2022), Towsley assigned Facilities Manager Henry to Plaintiff's department. (Complaint, at ¶ 21.)

• "[W]ithin months, Plaintiff was advised that he was under investigation for allegations made in a report authored by Henry." (Complaint, at ¶¶ 21, 22.)

• "The allegations Townsley (sic) and Henry manufactured to effectuate Plaintiff's termination, that he illegally retaliated against a direct report, were patently false and defamatory." (Complaint, at ¶23.)

**a. Plaintiff Cannot Possibly Prevail on His Purported Defamation Claim Against Henry.**

16. Defamation claims are subject to a one-year statute of limitations. Code of Civil Procedure §340(c). Plaintiff alleges that "false and defamatory" statements were made by Henry in a report that Henry allegedly authored *before* Plaintiff's employment was terminated in October 2022. (See Complaint, ¶¶ 21, 22.) But Plaintiff did not file this action until May 3, 2024, well over one year after Henry is alleged to have made defamatory statements about Plaintiff in the report. Therefore, Plaintiff's defamation claim against Henry is barred by the statute of limitations.

17. Plaintiff has alleged that he was "compelled" after the termination of his employment by Lockheed Martin to republish "the stated reason for his termination." More particularly, Plaintiff has alleged that the defamatory statements he was "compelled" to republish were those made in an email sent by Human Resources Business Partner Luci Patterson (not Henry) on October 20 2022, which stated the following:

• After an alleged "thorough investigation" relying on "multiple sources," Lockheed decided to terminate his employment pursuant to Ethics and Business Conduct Policy document cps-001, Section 5.5 which states in pertinent part: "Leaders-5.5 – Foster a positive work environment, free from retaliation, that encourages high standards of ethical behavior." (Complaint, at ¶¶ 51-52.)

NOTICE OF REMOVAL OF ACTION

Plaintiff has not alleged, nor can he show, that he was ever compelled to republish any statement allegedly made by Henry to Lockheed Martin ***before*** the termination of Plaintiff's employment. Plaintiff cannot feasibly allege that he was *compelled* to repeat the false statement of a subordinate employee contained in a pre-termination report.

18.     Plaintiff also has not adequately pled his cause of action for libel against Henry. First, the Complaint is silent as to whether Henry ever "published" a defamatory statement, as it alleges only that Plaintiff "was advised that he was under investigation for allegations made in a report authored by Henry." (Complaint, at ¶ 21.)  Plaintiff does not allege that he ever saw what was purportedly written by Henry; does not allege that Henry admitted to authoring defamatory statements; does not identify the purported report; and does not identify the statements therein which purportedly comprise his libel claim against Henry.  Claims for libel have a heightened pleading requirement, and the "general rule is that the words constituting an alleged libel must be specifically identified, if not pleaded verbatim, in the complaint." *Kahn v. Bower*, 232 Cal.App.3d 1599, 1612, fn. 5, (1991), citing 5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 688, p. 140; *Vogel v. Felice*, 127 Cal.App.4th 1006, 1018-19 (2005); *Gilbert v. Sykes*, 147 Cal. App. 4th 13, 31 (2007); *Medical Marijuana, Inc.*, *supra*, 46 Cal.App.5th at 888.  Plaintiff has not done so.  Plaintiff's Complaint fails to identify *any* specific defamatory statement made by Henry.  (Complaint, at ¶¶ 24, 61.)

**b.     Plaintiff Also Cannot Possibly Prevail on a Claim for Intentional Infliction of Emotional Distress Against Henry.**

19.     A cause of action for intentional infliction of emotional distress requires Plaintiff to allege facts showing that: (1) Henry's conduct was outrageous; (2) Henry intended to cause emotional distress or acted so recklessly that he disregarded the probability of causing emotional hardship; (3) Plaintiff in fact suffered emotional distress; and (4) Henry's conduct substantially caused his emotional distress. *Hughes v. Pair*, 46 Cal.4th 1035, 1050 (2009). See also, *Bogard v. Employers Casualty Co.*, 164 Cal.App.3d 602, 616 (1985); *Kelly v. General Tel. Co.*, 136 Cal.App.3d 278, 287-88 (1982).  Plaintiff's fourth cause of action against Henry states that  it "hereby incorporates by reference all paragraphs above as if fully set forth herein," and is therefore based solely on the single other claim against Henry, for defamation.  (Complaint, at ¶64.)

NOTICE OF REMOVAL OF ACTION

APEX EMPLOYMENT LAW, LLP
1970 Broadway, Suite 850
Oakland, California 94612

20.    Plaintiff has alleged in a conclusory manner that Henry's conduct in making a statement in a report was extreme, outrageous, and done with intent or a reckless disregard of the probability of causing Plaintiff emotional distress.  (Complaint, at ¶¶65-66)  But there is nothing exteme or outrageous about an employee purportedly writing a report.  Allegedly writing a report of suspected wrongdoing does not satisfy the requirement of alleging that Henry engaged in conduct beyond all bounds of decency, which is required to support a claim for intentional infliction of emotional distress. *Cole v. Fair Oaks Fire Protection Dist.*, 43 Cal.3d 148, 155, n.7 (1987).  Further, clashes of personalities or the reporting of suspected misconduct is a "common incident of the employment relationship," and intentional infliction of emotional distress claims which arise in the context of an employment relationship are absolutely barred by the workers' compensation exclusivity doctrine.  *Id.*, *supra*, 43 Cal.3d at 160, 12-63; *Davaris v. Cubaleski*, 12 Cal.App.4th 1583, 1587-89 (1993).

21.    Moreover, the claim that Henry caused Plaintiff to suffer emotional distress by allegedly reporting something to Lockheed Martin about Plaintiff is barred by the exclusive remedy provision of the Workers' Compensation Act.  Any damage to Plaintiff's psyche by Henry's purported report is a "normal part of the employment relationship" and is encompassed by the California Workers' Compensation Act.  *Bryant v. Lowe's Home Centers, LLC*, supra, 628 F.Supp.3d at 1046.

### E.    AMOUNT IN CONTROVERSY

22.    In order to satisfy the $75,000 amount in controversy requirement, the removing party must demonstrate that the amount in controversy "more likely than not" exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

23.    The District Court may consider whether it is facially apparent from the Complaint that the jurisdictional amount is met. *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Conrad Assoc. v. Hartford Accident & Indemnity Co.*, 1994 F. Supp. 1196, 1198 (N.D. Cal. 1998).

24.    Plaintiff asserts four causes of action and seeks to recover all of the following: lost wages, salary, benefits, bonuses, and additional amounts of money he would have received if he had

6

not been wrongfully terminated by Defendant; damages for alleged mental, emotional, and physical distress; legal expenses; prejudgment interest; attorneys' fees pursuant to C.C.P. Section 1021.5, and punitive damages.  At the time of the termination of his employment on October 20, 2022, Plaintiff's annual salary working for Lockheed Martin Corporation exceeded $196,000.  Therefore, by his claim for lost wages alone, Plaintiff has placed more than $75,000 in controversy without giving consideration to the additional amounts Plaintiff seeks to recover for the value of lost benefits, prejudgment interest, damages for alleged mental and emotional distress, attorneys' fees, and potential punitive damages. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002) (amount in controversy satisfied where plaintiff sought compensatory damages, including lost wages, emotional distress damages, punitive damages, and injunctive relief, including attorneys' fees). See also, *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018) (amount in controversy determined by all the relief a court may grant on the allegations in the operative complaint should the plaintiff prevail.)

### F.    NOTICE TO PLAINTIFF AND TO THE SUPERIOR COURT

25.    As required by 28 U.S.C. § 1446(d) and affirmed in the attached Proof of Service, Defendant is providing a copy of this Notice of Removal to Plaintiff.

26.    As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Superior Court of the State of California in and for the County of Los Angeles.

### G.    CONCLUSION

WHEREFORE, Defendant removes this civil action from the Superior Court of the State of California, Los Angeles County, to the United States District Court for the Central District of California. By removing the action to this Court, Defendant does not waive any defenses, objections, or motions available to it under state or federal law.

Dated: June 6, 2024                APEX EMPLOYMENT LAW, LLP

By: _____
MICHAEL E. WILBUR
AFRICA E. DAVIDSON
Attorneys for Defendant
LOCKHEED MARTIN CORPORATION

APEX EMPLOYMENT LAW, LLP
1970 Broadway, Suite 850
Oakland, California 94612

NOTICE OF REMOVAL OF ACTION